```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

HECTOR DANIEL MACIAS,         §
                              §
       Petitioner,            §
                              §
VS.                           §   Civil Action No. 4:15-CV-736-Y
                              §
RODNEY W. CHANDLER, Warden,   §
FCI-Fort Worth,               §
                              §
       Respondent.            §
```

## OPINION AND ORDER

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Hector Daniel Macias, a federal prisoner confined in FCI-Fort Worth, against Rodney W. Chandler, warden of FCI-Fort Worth, Respondent. After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be denied.

### I.  Factual and Procedural Background

Petitioner is serving two 212-month terms of imprisonment on his 2009 criminal convictions in this Court for conspiracy to distribute a controlled substance and possession of a controlled substance with intent to distribute and aiding and abetting.[1] (Resp't's App. 6, ECF No. 8-1.) By way of this petition, Petitioner

---

[1] His sentences were reduced from 264 months to 212 months on April 26, 2016. Order, United States v. Macias, Criminal Action No. 4:08-CR-098-Y, ECF No. 1636.

challenges a 2013 disciplinary proceeding conducted at FCI-Fort Worth and the resultant sanctions, including the loss of 27 days accrued good time. (Pet. 3, ECF No. 1.) Petitioner was charged in Incident Report No. 2491744 with fighting another inmate, a code 201 violation. (Resp't's App. 10, ECF No. 8-1.) The incident report stated:

> On September 11, 2013, at 3:59 p.m., an SIS investigation was completed which determined inmates Mani, Daniel, Reg. No. 70529-180 and Macias, Hector, Reg. No. 37027-177, were involved in a fight on August 2, 2013, at approximately 5:30 p.m., on Houston Unit in cell 3-47L.
>
> On August 5, 2013, at 6:53 p.m., inmate Macias was medically assessed by V. Sayarath, Registered Nurse, and sustained a small bump on the left side of his forehead and bruises on his left upper arm.
>
> On August 4, 2013, at 12:21 p.m., inmate Mani was medically assessed by N. Barkman, Registered Nurse, and sustained bruising and swelling to both eyes, minor friction marks on his right upper arm, an abrasion behind his right knee, and abrasions to his left hand.

(Pet. 19, ECF No. 1.)

Petitioner received advance notice of the charges, was advised of his rights, and attended a disciplinary hearing, after which the disciplinary hearing officer (DHO) found that Petitioner committed the violation. Following an administrative appeal, Petitioner was granted a rehearing, which took place on January 29, 2014. Petitioner denied the charges and waived his rights to have staff representation, to present documentary evidence, and to call witnesses. (Resp't's App. 13, 15, 17, ECF No. 8-1.) The evidence available to the DHO included the incident report; the SIS report;

2

Petitioner's statement to the unit disciplinary committee; photos of the injuries suffered by both inmates; and the medical assessments. (*Id.* at 19.) Based on the evidence, the DHO found that Petitioner committed the violation and sanctioned him with the loss of good time and telephone privileges and disciplinary segregation. (*Id.* at 20.) On March 17, 2014, a copy of the DHO's report, including the reasons for the action taken, was delivered to Petitioner. (*Id.* at 17-21.) Petitioner states that he appealed the DHO's decision to no avail. (Pet. 4, 8-9 ECF No. 1.)

## II. Discussion

Petitioner claims his right to due process was violated because there was no evidence to support the DHO's finding; Mani's "affidavit" denying that he fought with Petitioner has probative evidentiary value; and the DHO's decision was arbitrary and capricious. (Pet. 5, 7-8, ECF No. 1.)

Where a prison disciplinary hearing results in the loss of good-time credits, constitutional due process requires that the inmate receive (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985). "Some evidence" in support of the DHO's decision is all

3

that is required. *Hill,* 472 U.S. at 455. A federal court need not examine the entire record, assess independently the credibility of witnesses, or weigh the evidence. *Id.* at 455. It is the role of the DHO to determine the weight and credibility of the evidence. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). A federal court may act only where arbitrary or capricious action is shown--*i.e.,* "only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir. 1994).

Contrary to Petitioner's claim, there was sufficient evidence to support the DHO's decision. In fact, the incident report, standing alone, is sufficient to constitute some evidence in support of the guilty determination regardless of the existence of other evidence. *Hill*, 472 U.S. at 454. The dictates of *Wolff* were met in this case and the DHO's finding was not unfounded, arbitrary, or capricious.

For the reasons discussed, the Court DENIES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and DENIES a certificate of appealability.

SIGNED August 31, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE